UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                              Chapter 11

**Spring Valley NY Realty LLC,**                                    Case No. 20-22071-rdd

                        Debtor.                                     HON. Robert D. Drain
------------------------------------------------------------------x

# MOTION FOR RELIEF FROM AUTOMATIC STAY

Secured Creditor, Selene Finance LP, as attorney in fact for NJCC-NYS COMMUNITY RESTORATION FUND LLC, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Spring Valley NY Realty LLC, filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on January 14, 2020. The Debtor has been acting as a debtor in possession since case commencement.

2. On May 18, 2006, Chaya Neustadt ("Borrower") executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $417,000.00 to GreenPoint Mortgage Funding, Inc. The Mortgage was recorded on May 26, 2006 in Instrument Number 2006-00028625 of the Public Records of Rockland County, New York. The Mortgage was assigned to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required

indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Secured Creditor is the holder of the Note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

4. The mortgage provides Secured Creditor a lien on the real property located at 33 Summit Avenue, Spring Valley, NY 10977 (the "Property"), in Rockland County, State of New York, and legally described as stated in the mortgage attached in Composite Exhibit "A."

5. The Debtor purports to have a legal or equitable interest in the Property, whether by conveyance from Borrower, or otherwise. The Property is listed in the Debtor's Schedule A/B indicating a fee simple interest in the Property.

6. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since February 1, 2020, with arrears in the amount of $16,886.08 as of May 31, 2020. A true and accurate copy of Secured Creditor's statement in regard to indebtedness and default is attached hereto as Exhibit "B." As per the Secured Creditor's statement the total amount due is $646,396.86.

7. The stated value of the property is $174,825.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

8. Debtor's Schedule A/B indicates the value of the Property to be $275,000.00.

9. The Debtor has not filed a Chapter 11 plan of reorganization as of July 10, 2020. Secured Creditor's security interest in the subject property is being significantly jeopardized bythe Borrower's and the Debtor's failure to comply with the terms of the subject loan documents while

Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

10. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

11. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The Debtor, or an appointed Operating Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

12. Secured Creditor requests approval of legal fees in amount of $850.00 and costs in the amount of $181.00 associated with this motion. Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's bankruptcy estate.

13. No previous application has been made for the relief request herein.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, awarding its reasonable attorneys' fees and costs incurred in this proceeding, and for any such further relief as this Honorable Court deems just and appropriate.

Dated:  July 16 , 2020
       Westbury, NY

RAS BORISKIN, LLC
Attorney for Secured Creditor
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Phone: (516) 280-7675
Fax:    (516) 280-7674


By: /s/ *Kevin R. Toole* _____
Kevin R. Toole, Esq.
Email: ktoole@rascrane.com